

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LARRY F. ROBB, ET AL. ET AL. | CIVIL ACTION NO. 05-1370 |
| versus | JUDGE HICKS |
| STERICYCLE, INC., ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

### Background

This lawsuit was filed in state court on June 20, 2002. Plaintiff filed suit individually and on behalf of minority shareholders of 3CI Complete Compliance Corp. ("3CI"). The original defendants were Stericycle, Inc., Jack W. Schuler, Mark C. Miller, Frank J.M ten Brink, Anthony J. Tomasello and Waste Systems, Inc. Plaintiffs' Motion to Remand, ¶ 2. Plaintiffs allege a complex scheme orchestrated by the Defendants to harm 3CI and its minority shareholders to the benefit of Stericycle. Following several amendments to Plaintiffs' pleadings, class certification was granted on February 10, 2005, and the case was set for trial in state court beginning September 12, 2005. Id. at ¶¶ 2-3; Notice of Removal ¶ 8.

On July 22, 2005, however, Plaintiffs filed an Amended Joint Petition joining several

new defendants in the lawsuit.¹ Specifically, Plaintiffs joined Johnson & Colmar, a law partnership apparently located in Chicago, Illinios, and two of its partners, Craig Colmar and Michael Bonn ("Lawyer Defendants"). Amended Joint Petition, ¶¶ 9-11. The Amended Joint Petition alleges, among other things, that the Lawyer Defendants participated in breaches of duties owed by the individual defendants to Plaintiffs and conspired with the other defendants to deceive, defraud, oppress and squeeze-out 3CI's minority shareholders. Amended Joint Petition, ¶¶ 13-21, 121-123. Plaintiffs claim they suffered actual damages of "hundreds of millions of dollars in excess of the jurisdictional minimum of the [state] Court." Id. at 124.

The pleadings reflect the extreme "hard fought" nature of the litigation. On July 22, 2005 (on or about the day Plaintiffs filed their Amended Joint Petition), the state court (Judge Roy L. Brun) entered a "Judgment" on Plaintiffs' "Twelfth Motion to Compel" and opposing motions for protective orders. Exhibit A to Motion For Stay, or Alternatively, A Protective Order, Continuing Court-Ordered Depositions, and Request for Expedited Ruling on Same (Doc. 12). Judge Brun imposed $180,000 in sanctions against Defendants and appointed a Special Master (Judge Fred Sexton) to oversee the depositions of Defendants Frank J.M. ten Brink and Anthony J. Tomasello, which are scheduled for August 10-11, 2005.

---

¹ The parties apparently agree that the Amended Joint Petition was filed on July 20, 2005 [Plaintiff's Motion to Remand, ¶ 5; Notice of Removal ¶ 3], although the filing stamp on the front of the pleading indicates it was "filed" on July 22, 2005. The difference is not significant, but the court will assume the date shown by the filing stamp is the correct date.

**Removal to Federal Court**

On August 1, 2005, the Lawyer Defendants filed a Notice of Removal to this court. They claim this court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). The Class Action Fairness Act permits defendants to remove certain class actions to federal court if minimal diversity of citizenship exists. However, the Act applies only to suits "commenced on or after the date of enactment of this Act." That date is February 18, 2005. Knudsen v. Liberty Mut. Ins., Co. 411 F.3d 805, 806 (7th Cir. 2005).

The Lawyer Defendants argue that, because they were not joined in this action until July 22, 2005 (when the Amended Joint Petition was filed), this action was "commenced" against them <u>after</u> the enactment of the Act. Notice of Removal, ¶¶ 18-22. Defendants cite the Seventh Circuit's decision in <u>Knudsen</u>, <u>supra</u>, where the court rejected the argument that a change in a class definition "commenced" a new action for the purpose of removal under the Act. However, in obvious dicta, the court added:

> Liberty Mutual paints a picture of crafty lawyers tending a garden of pre-2005 class actions, in which they plant new claims by amendment so that the 2005 Act never comes into play. As we have already hinted, however, a new claim for relief (a new "cause of action" in state practice), *the addition of a new defendant*, or any other step sufficiently distinct that courts would treat it as independent for limitations purposes, *could well commence a new piece of litigation* for federal purposes even if it bears an old docket number for state purposes. Removal practice recognizes this point: an amendment to the pleadings that adds a claim under federal law (where only state claims had been framed before), or adds a new defendant, opens a new window of removal. 28 U.S.C. § 1446(b). See Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14C *Federal Practice & Procedure* § 3732 at 311- 48 (3d

ed.1998). *We imagine, though we need not hold*, that a similar approach will apply under the 2005 Act, perhaps modeled on Fed. R. Civ. P. 15(c), which specifies when a claim relates back to the original complaint (and hence is treated as part of the original suit) and when it is sufficiently independent of the original contentions that it must be treated as fresh litigation. See also *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986); *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231 (7th Cir.1996). This possibility does Liberty Mutual no good, however, because the change in class definition does not present a novel claim for relief or add a new party.

Id. at 807 [Emphasis added]. There is, however, language from other cases (as cited in Plaintiffs' Memorandum of Law in Support of Motion to Remand) to the effect that a case can be commenced only once.

Plaintiffs responded to the removal of this case with a Motion to Remand and a Notice of Voluntary Dismissal, or in the Alternative, Motion for Voluntary Dismissal (Doc. 10). Plaintiffs argue that their willingness to dismiss without prejudice all claims asserted against the Lawyer Defendants eliminates any arguable basis for federal subject matter jurisdiction. Plaintiffs also argue that remand is required due to deficiencies in the Notice of Removal regarding the citizenship of Defendants. Due to the "impending state court trial setting and emergency circumstances," Plaintiffs ask the court for expedited consideration of the Motion to Remand. The undersigned thereafter entered an order requiring opposition briefs to be filed by August 10, 2005. Doc. 11. Upon receipt of the opposition memoranda, the court will take up Plaintiff's Motion to Remand (and the Motion for Voluntary Dismissal) as expeditiously as possible. However, from a timing standpoint, the court notes the possibility of an appeal of any order issued by the undersigned to the District Judge, as well as the

possibility of a direct appeal to the Fifth Circuit. See 28 U.S.C. § 1453(c).

**The Upcoming Depositions**

The court now turns to the immediate matter before it. On August 3, 2005, the Lawyer Defendants filed their Motion for Stay, or Alternatively, a Protective Order, Continuing Court-Ordered Depositions, and Requests For Expedited Ruling on Same (Doc. 12) seeking a postponement of the depositions of ten Brink and Tomasello, which were set by Judge Brun for August 10-11, 2005. The motion argues that on July 29, 2005, the liability insurer of Johnson & Colmar assigned the defense to Mayer, Smith & Roberts. The motion states that a "significant part" of the depositions will concern the actions of Johnson & Colmar, and time is too short for counsel to prepare for those depositions. Counsel also represent to the court that they have scheduling conflicts on August 10-11, 2005, although they do not state what or where those conflicts might be.

Plaintiffs oppose any continuance of the depositions. In their Response to Johnson and Colmar's Motion to Stay (filed August 5, 2005), they argue, among other things, that: (a) granting the motion will effectively upset the trial setting of September 12, 2005; (b) the state court order remains in effect unless modified by this court; (c) the Lawyer Defendants will be dismissed from the case; and (d) going forward with the depositions will not prejudice the Lawyer Defendants because they will have the right to depose the individual defendants at a later date.

The undersigned conducted a telephone status conference to discuss the depositions

on August 8, 2005 at 2:00 p.m. There is insufficient time to outline those discussions in detail here. However, Counsel for Plaintiffs (Mr. Wynn) emphasized the prior difficulties associated with discovery in this case and that dismissal of the Lawyer Defendants would moot their concern over getting ready for the depositions. Counsel for the Lawyer Defendants (Mr. Carroll) argued that their clients would be unduly prejudiced by a dismissal without prejudice due to the risk of inconsistent adjudications if a separate lawsuit is filed. Counsel for the deponents (Mr. Langley) noted that Judge Brun also expressed concern on the record over keeping the trial date if the Lawyer Defendants were added to the lawsuit. Counsel also advised the court that the depositions are actually scheduled to begin by agreement on August 9, 2005 (tomorrow).

After considering the unique circumstances of this case, the court finds the interests of justice require that the depositions be postponed. While Plaintiffs are anxious to have this case remanded back to state court in time to keep the September 12, 2005 trial date, principles of fundamental fairness require that the recently added Lawyer Defendants have time to obtain counsel and prepare adequately for depositions of other parties. The court also needs time to evaluate the parties' arguments regarding dismissal of the Lawyer Defendants without prejudice under Rule 41. Furthermore, the issues presented by the removal of this case under the Class Action Fairness Act are novel and complex. When did this action "commence" against the Lawyer Defendants under the Class Action Fairness Act? Will a pending case be deemed to have "commenced" every time a new defendant is added to it?

If jurisdiction ever attached under the Class Action Fairness Act, does Plaintiffs' voluntary dismissal of the Lawyer Defendants deprive this court of jurisdiction under the Act, thereby requiring remand? Those and other questions may not be answered immediately. They require time for adequate briefing and research. While the court is sensitive to the desires of Plaintiffs to expedite the proceedings and bring it to a close as contemplated in state court, the court must note that Plaintiffs brought this predicament on themselves when they amended their lawsuit to add new parties on the eve of the state court trial.

Whether to allow the depositions to go forward is a close call. But the court believes the better exercise of discretion is to stay the depositions until the underlying removal issue is sorted out. Accordingly, the **Motion to Stay, or Alternatively, a Protective Order, Continuing Court-Ordered Depositions, and Requests For Expedited Ruling on Same (Doc. 12) is granted.** Except as otherwise agreed by all parties, further deposition discovery in this case is **stayed** pending a decision on the Motion to Remand and further order of this court.

Shreveport, Louisiana, this 8th day of August, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE